PEOPLE, PLAINTIFF AND APPELLEE, *v.* LLABRÉS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Embezzlement.

No. 1634.—Decided July 12, 1921.

VENUE—EVIDENCE.—The venue need not be proved by direct and positive evidence. It is sufficient if it may be reasonly inferred from the facts and circumstances

which are proved and are involved in the criminal transaction, or if it may be inferred from the circumstances that the crime was committed in the place alleged.

ID.—JURISDICTION—JUDICIAL NOTICE—ESTOPPEL.—*Quaere:* Whether in the case of a bank which is a public depositary, together with other facts which are set forth in the opinion, the court may take judicial notice that the bank is located within its jurisdiction; and whether after a trial in which no question of jurisdiction was raised and in which the court could have taken such judicial notice, there would be an estoppel to raise that question on appeal.

EMBEZZLEMENT—PLEADING—DEFECT CURED BY VERDICT.—In the absence of a specific objection to the information on the ground that it did not state distinctly that the money alleged to have been embezzled was entrusted to the defendant or that he received it in the course of his duties as an employee of the bank, the defects, if any, were cured by the verdict, inasmuch as the information does so state, although not so clearly as might be desired.

The facts are stated in the opinion.

*Mr. C. Iriarte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was convicted in the District Court of San Juan of embezzlement, and the first error assigned on appeal is that the evidence does not show that the acts realized by the defendant took place in the Judicial District of San Juan and that therefore the court was without jurisdiction.

Underhill on Criminal Evidence, paragraph 36, second edition, says:

"The venue need not be proved by direct and positive evidence. It is sufficient if it may be reasonably inferred from the facts and circumstances which are proven and are involved in the criminal transaction. It is enough if it may be inferred from the circumstances by the jury that the crime was committed in the county alleged in the indictment."

The cashier of the bank was called. He said, "I live in San Juan, Porto Rico. I am the cashier of the American Colonial Bank." In the examination of this same witness he identified a bank book as belonging to a lady living in Santurce, which testimony, Santurce being a part of San Juan, would be circumstantial evidence that the American

Colonial Bank was located within the jurisdiction. The janitor of the American Colonial Bank, who had seen the defendant at work, testified that the witness came to San Juan and worked in the bank at about the time of the alleged embezzlement. A former mistress of the defendant testified that she lived with him in Cataño and sometimes came with him while he was working in the American Colonial Bank. She testified to various matters in relation with the defendant, some of them taking place in San Juan proper, and all within the jurisdiction. The witnesses talked of the bank as if it were near at hand. If the bank had been in any place but the capital some manifestation of that fact would almost necessarily have come out in the record. The most important testimony, however, was on the cross-examination of the cashier, where he said that he entered the employ of the American Colonial Bank in 1909 or 1910 here in San Juan and that when he said that he began his work in 1918, he meant as cashier. From this evidence not only the circumstances, but positive proof shows that the American Colonial Bank is located in San Juan.

It might even be that we could take judicial notice of the fact that the American Colonial Bank is located in San Juan. It is a public depository and the monthly check for the salary of the judge who tried the case was drawn on that bank. While, perhaps, the power of a court to take judicial notice should be invoked by a party, yet after a trial in which no question of jurisdiction is raised and in which the court could have taken judicial notice, we think there would be an estoppel.

The second error is that the information was insufficient, inasmuch as it did not say that the money taken by the defendant was received by him as the person in charge of the savings department. The appellant says that while the defendant might have been in charge of the savings depart-

ment, yet the defrauding might have been in some other connection. The information says:

"The district attorney files an information against Antonio Llabrés García (for the crime of embezzlement, a felony, committed as follows: The said Antonio Llabrés García, during the last months of the year 1917 and the first months of the year 1918, in San Juan, within the Judicial District of the same name, and while he was in charge of the savings department of the American Colonial Bank of Porto Rico, it being his duty, among others, as such employee, to receive deposits in the savings department under his charge in the said bank, did unlawfully, wilfully, maliciously and fraudulently appropriate to himself and to the prejudice of the American Colonial Bank of Porto Rico a sum of money not less than $20,000, thus defrauding the American Colonial Bank of Porto Rico of the said amount. This act is contrary to the law for such cases made and provided and against the peace and dignity of The People of Porto Rico."

In the absence of a specific objection to the information on the ground that it did not say distinctly that this money was entrusted to him or that he received it in the course of his duties as such employee, we think the defects, if any, were cured by the verdict, as the information at most is a mere defective way of saying that the money was received by him in the course of his duties. It distinctly says that while he was employed by the bank he appropriated the money, and the information also says it was his duty so to receive the money.

The third error was that the court erred in instructing the jury as follows:

"I believe that all of these facts have made a sufficient impression upon the minds of the jury; that is, that the jury is perfectly acquainted with the operations of the American Colonial Bank as regard the savings department."

This alleged error is somewhat vague. The evidence of the way the bank worked was all in and absolutely uncontradicted. The court could not be even indirectly saying that

the jury was bound to believe that the workings of the bank were as described by the witnesses, as appellant maintains, and even if the court did intend to say so, we find no prejudice. There were some objections to the evidence on this ground, but they were abandoned on appeal and were not important, nor, so far as we can see, was the admission erroneous.

The fourth assignment is that the court committed error in instructing the jury as follows:

"In connection with that testimony the prosecution introduced documentary evidence consisting of two books of the American Colonial Bank and two loose leaves of the book which is kept for that purpose in that establishment."

The ground of this error apparently is that the court is pronouncing on the relevancy of this evidence, but when the period of instruction arises all admitted evidence is presumably pertinent or relevant. There could be no passion and prejudice or grave error by the court in so speaking of the bookkeeping methods of the bank. Appellant, in this part of his brief, refers to his objections to the admission of this evidence, but no assignment of error is made on this ground and we do not find the admission of the evidence to be prejudicial or erroneous.

These were all the errors assigned and we have considered them as raised. When an appellant objects to some of the admitted evidence he should do so by way of exception and objection and then by way of assignment of error in this court. We can not be expected to search the record to aid a defendant fully represented by counsel, especially when we are convinced by the whole record that justice was done. Perhaps one of the principal matters in the mind of the appellant, as brought out by the record, was that the court permitted free sheets of the bank as substituted for the books to be offered in evidence in order to show the amounts charged in favor of depositors and against the bank and then in-

troduced other evidence tending to show that the money received by the defendant was not accounted for. These are familiar banking methods and the only new feature was the loose sheets, so that we can see nothing prejudicial or erroneous in their admission.

Likewise, there were objections to proving that the defendant had other duties besides receiving money for the saving accounts. The information was broad enough to cover this when it said that the defendant's duties were, ''among others,'' to receive deposits in the savings department. There was proof tending to show embezzlements of more than $100, the amount charged in the information as amended, in the savings department alone.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.